THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

FILED
CLERK, U.S. DISTRICT COURT
DEC 2 6 2001
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

ENTERED
CLERK, U.S. DISTRICT COURT
DEC 2 7 2001
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Priority ✓
Send ✓
Enter
Closed
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MALLINCKRODT, INC., et al.,

    Plaintiffs,

v.

MASIMO CORP., et al.,

    Defendants.

☐ Docketed
☒ Copies / NTC Sent
☒ JS - 5 / JS - 6
☐ JS - 2 / JS - 3
☐ CLSD

CASE No. CV 00-6506 MRP

MEMORANDUM OF DECISION RE:

Masimo's Motion for Summary Judgment of Noninfringement of U.S. Patents Nos. 4,621,643 and 4,700,708;

Mallinckrodt, Inc. and Nellcor Puritan Bennett, Inc.'s Motion for Preliminary Injunction

## INTRODUCTION

On October 22, 2001, defendant Masimo's motion for summary judgment of noninfringement of U.S. Patents Nos. 4,621,643 ("the '643 Patent") and 4,700,708 ("the '708 patent") came before this Court. Plaintiffs Mallinckrodt and Nellcor (hereinafter "Nellcor") moved for a preliminary injunction which was heard on the same day. After considering all of the papers, arguments presented and evidence before the Court, both motions are DENIED.

ENTERED ON ICMS
DEC 2 7 2001

137

**Masimo's Motion for Summary Judgment**

Summary judgment must be granted if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c). In this case, summary judgment must be denied because disputed issues of material fact remain.

For example, the parties vigorously dispute whether the value of the SatShare resistor is indicative of the wavelength of the LED used in Masimo's Radical pulse oximeter. They also dispute whether Masimo's sensor uses only a single wavelength LED, whether the SatShare resistor's value is completely independent from the LED wavelength, and whether the Masimo sensor, when connected directly to a Nellcor monitor, produces clinically accurate results.

Because these and other issues remain in dispute, summary judgment is inappropriate at this time.

**Motion for Preliminary Injunction**

As the moving parties, Mallinckrodt and Nellcor are entitled to a preliminary injunction if they can show, "(1) a reasonable likelihood of success on the merits; (2) irreparable harm if an injunction is not granted; (3) a balance of hardships tipping in its favor; and (4) the injunction's favorable impact on the public interest." See Amazon.com, Inc. v. Barnesandnoble.com, Inc., 239 F.3d 1343, 1350-51 (Fed. Cir. 2001).

In demonstrating a likelihood of success on the merits the moving parties must show, in light of the presumptions and burdens to be imposed at trial, both that they are likely to succeed on their

infringement claims, and that the patents in suit will likely withstand Masimo's validity challenges. See id. (citing Genentech Inc. v. Novo Nordisk, A/S, 108 F.3d 1361, 1364, (Fed. Cir.1997)). If Masimo raises a "substantial question concerning either infringement or validity," then the plaintiffs must prove that the question lacks substantial merit or the preliminary injunction should be denied. Id.

Likelihood of success

As discussed above, issues of disputed fact exist that preclude a grant of summary judgment in this case. These same disputed issues raise a substantial question of noninfringement. Plaintiffs have not shown a lack of substantial merit in this regard. The patents in suit require "encoding means for providing signals to the oximeter which are indicative of the known wavelength value of said first light emitting means." U.S. Patent No. 4,700,708, Claim 1. If Masimo's SatShare resistor does not indicate the wavelength of the LED it uses, or if the LED is independent of the resistor, then Masimo would probably not infringe. Masimo has alleged additional meritorious grounds for noninfringement that the Court finds raise a substantial question in Masimo's favor.

Masimo has also raised a substantial question of validity, based on U.S. Patent No. 4,446,715 to Bailey. Although the Patent Office considered this art initially, it does appear to be directed to a system in which resistors encode calibration information for variable transducers. One disclosed transducer is a phototransistor that senses light emitted by an LED. Contrary to plaintiffs' suggestion, this art was not considered in the BOC case. See BOC Health Care, Inc. v. Nellcor, Inc., 892 F. Supp. 598 (D. Del. 1995), aff'd on other

grounds, 98 F.3d 1357 (Fed. Cir. 1996). Plaintiffs have not shown that this challenge lacks substantial merit.

### Irreparable harm

Mallinckrodt and Nellcor have also not shown irreparable harm. The relevant market is the market for disposable sensors, not the market for patented devices. Plaintiffs allege that they will be irreparably harmed by any market share gained by Masimo because the market for Nellcor's sensor will be disrupted. The Court disagrees. First, following a permanent injunction in this case, hospitals would likely stop using the Masimo combination. This would require them to go back to using Nellcor sensors. Because an ascertainable number of sensor sales would have been lost, the harm is easily quantifiable in money terms.

Second, Plaintiffs license their products to competitors, a fact which again suggests that any injuries occurring during the prosecution of this action may appropriately be compensated by money damages. See High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc., 49 F.3d 1551 (Fed. Cir. 1995).

Finally, any sales lost during the prosecution of this action would represent a minuscule portion of plaintiffs' market share and would also be easily quantifiable. Therefore, money damages would provide sufficient relief in this case.

### Balance of Hardships and the Impact on the Public Interest

Granting a preliminary injunction would create significantly more harm to Masimo, a smaller company without a large customer base, than to Plaintiffs, which are well-established and have a strong market

share. See, e.g., Illinois Tool Works, Inc. v. Grip-Pak, Inc., 906 F.2d 679, 684 (Fed. Cir. 1990).

A preliminary injunction would also not serve the public interest. The public does have an interest in a strong patent system. However, there is also a strong public interest in having competitive technology and commercial alternatives such as Masimo's oximeter. If Masimo's oximeter does not in fact infringe, but is preliminarily enjoined, Masimo and the public would be harmed because hospitals would not have the benefit of a competitive technology.

## CONCLUSION

Masimo's motion for summary judgment is DENIED, because Masimo has not demonstrated that there are no undisputed issues of material fact. Mallinckrodt and Nellcor's motion for a preliminary injunction is also DENIED, because the Plaintiffs have not shown a likelihood of success on the merits, they have not shown irreparable harm, the balance of hardships tips in Masimo's favor, and the public interest is best served by allowing this action to proceed without the effects which would flow from enjoining Masimo from distributing its product.

DATED December 19, 2001

Honorable Mariana R. Pfaelzer
United States District Judge