1  Craig N. Hentschel (#66178)      James F. Lesniak (#115889)
   **ARNOLD & PORTER LLP**          Joseph R. Re (#134479)
2  777 S. Figueroa Street          Karen Vogel Weil (#145066)
   44th Floor                      Jon W. Gurka (#187964)
3  Los Angeles, CA 90017-2513      Joseph S. Cianfrani (#196186)
4  Tel.: 213.243.4000              **KNOBBE, MARTENS, OLSON & BEAR, LLP**
   Fax:  213.243.4199              2040 Main Street, 14th Floor
5                                  Irvine, CA  92614
   Robert C. Morgan (#46348)       Telephone:   (949) 760-0404
6  **FISH & NEAVE**                Facsimile:   (949) 760-9502
7  1251 Avenue of the Americas
   New York, NY 10020              Attorneys for
8  Tel.: 212.596.9000              Defendant/Counterclaimant,
   Fax:  212.596.9090             MASIMO CORPORATION

9

10 Stephen P. Swinton (#106398)
   Linda F. Callison (#167785)
11 Ricardo Rodriguez (#173003)
   **COOLEY GODWARD LLP**
12 5 Palo Alto Square, 3000 El Camino Real
   Palo Alto, CA 94306-2155
13 Tel.: (650) 843-5000
   Fax:  (650) 857-0667
14
   Attorneys For Plaintiffs/
15 Counterdefendants MALLINCKRODT INC.
   AND NELLCOR PURITAN BENNETT, INC.
16

17                UNITED STATES DISTRICT COURT

18              CENTRAL DISTRICT OF CALIFORNIA

19 _____  )
   MALLINCKRODT INC. and NELLCOR   ) Case No.: CV-Scan-909-MRP (AJWx)
20 PURITAN BENNETT, INC.,          )  CV 00-6506 MRP (AJWx)
                                   )
21     Plaintiffs/Counterdefendants, ) **JOINT [PROPOSED] JUDGMENT ON
                                   ) JURY VERDICT**
22     v.                          )
                                   )
23 MASIMO CORPORATION, et al.,     ) Hon. Mariana R. Pfaelzer
                                   )
24     Defendants/Counterclaimants.)
   _____  )
25                                 )
   AND RELATED COUNTERCLAIMS       )
26 _____  )
27
28

FILED
CLERK, U.S. DISTRICT COURT
APR - 5 2004
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3

ENTERED
CLERK, U.S. DISTRICT COURT
APR - 6 2004
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

588

1    This action came for trial before the Court and a jury,
2    Honorable Mariana R. Pfaelzer, United States District Judge,
3    presiding.  Following the presentation of the evidence, the jury
4    was instructed and, on March 15, 2004 and March 29, 2004, the
5    jury rendered its verdicts on liability and damages respectively.
6    Copies of the special verdict forms completed by the jury are
7    attached hereto as Exhibits 1 and 2 and are incorporated herein
8    by reference.   The issues having been duly tried and the jury
9    having rendered its verdict,

10       IT IS HEREBY ORDERED AND ADJUDGED AND DECREED:

11       1)   that Nellcor's manufacture, sale, offer to sell, use or
12            importation of its 04, 05 and 05CI products, including,
13            the MP-404, MP-405, MP-506, MP-507 circuit boards, and
14            the N-395, N-595 monitors (hereinafter "the Infringing
15            Products"), infringe Claims 1, 4, 16, 17, 18, 21, 22
16            and 23 of Masimo's U.S. Patent No. 6,263,222 ("the '222
17            patent");

18       2)   that Nellcor's manufacture, sale, offer to sell, use or
19            importation of the infringing products infringe Claims
20            9, 14, 20, and 25 of Masimo's U.S. Patent No. 6,206,830
21            ("the '830 patent");

22       3)   that Nellcor's manufacture, sale, offer to sell, use or
23            importation of the Infringing Products, infringe Claims
24            1, 10, 11, 12, 15, 17 and 22 of Masimo's U.S. Patent
25            No. 6,157,850 ("the '850 patent");

26       4)   that Nellcor's 05CI products, including the MP-507
27            circuit board and the N-595 monitor with software
28            revisions 3.0.0.0 and higher, infringe Claims 29 and 30

1

1        of Masimo's U.S. Patent No. 5,769,785 ("the '785

2        patent");

3   5)   that Nellcor's infringement of the '222, '830, '850 and

4        '785 patents has been willful;

5   6)   that the claims of the '222, '830, '850 and '785

6        patents are not invalid for anticipation, obviousness,

7        lack of enablement or lack of written description

8        support;

9   7)   that Masimo's manufacture, sale, offer to sell, use or

10       importation of its first and second generation sensor

11       and connector cable products do not directly infringe,

12       contribute to the infringement of, or induce

13       infringement of Claims 18, 19, 20, 21, 23, 24, and 26

14       of Nellcor's U.S. Patent No. RE 36,000;

15   8)   that Masimo is entitled to recover from Nellcor the sum

16       of $134,528,960.00 for the infringements occurring

17       during the period of July 9, 2001 and December 31,

18       2003, with interest thereon to be later determined by

19       the Court;

20   9)   that an accounting will be held to determine damages

21       that Masimo is entitled to recover from Nellcor for

22       infringements occurring after January 1, 2004, which

23       will be determined by the Court at a later date;

24   10)   that Nellcor take nothing from its complaint of

25       infringement against Masimo and that Nellcor's

26       complaint of infringement against Masimo be dismissed

27       on the merits with prejudice; and

28

1      11)   that Masimo, as the prevailing party, is entitled to

2             recover its costs of suit from Nellcor.

3      This is an Interlocutory Judgment.   The Court will enter a

4   Final Judgment in this case after the Court renders its decision

5   on Nellcor's indefiniteness and inequitable conduct defenses and

6   on any motions for judgment as a matter of law filed by the

7   parties.   The Final Judgment may modify or vacate portions of

8   this Interlocutory Judgment.   Entry of this Interlocutory

9   Judgment does not constitute entry of a final judgment for any

10  purpose, including without limitation enforcement and execution,

11  and appellate deadlines under Federal Rules of Appellate

12  Procedure 3 and 4.   No enforcement or execution actions of this

13  Interlocutory Judgment may be had until after entry of a Final

14  Judgment within the meaning of 28 U.S.C. § 1291 and Fed. R. Civ.

15  P. 58 and in accordance with Fed. R. Civ. P. 62.   Nevertheless,

16  entry of this Interlocutory Judgment constitutes "entry of

17  judgment" for the purposes of triggering the scheduling deadlines

18  for post-trial motions set forth in the March 25, 2004 stipulated

19  schedule previously approved by this Court.   The last day for

20  Masimo to file any request for the enhancement of damages

21  pursuant to 35 U.S.C. § 284, for attorney fees under 35 U.S.C.

22  § 285, or for Masimo to file its bill of costs, is fifteen (15)

23  days after the Court enters the Final Judgment.

24
25  Dated:   April  5, 2004      _Mariana R. Pfaelzer_

26                               Mariana R. Pfaelzer
                                 United States District Court Judge
27

28

```
 1   Presented By:
 2
 3   Dated:  April 1, 2004        [signature: Linda Call]
 4
                                  ARNOLD & PORTER LLP
 5                                Craig N. Hentschel
 6                                FISH & NEAVE
 7                                Robert C. Morgan
                                  Kevin P.B. Johnson
 8                                Brian C. Cannon

 9                                COOLEY GODWARD LLP
                                  Stephen P. Swinton
10                                Linda F. Callison
                                  Ricardo Rodriguez
11
                                  Attorneys for Mallinckrodt Inc.
12                                and Nellcor Puritan Bennett, Inc.
13
14
                                  [signature: Jon W. Gurka]
15
                                  KNOBBE, MARTENS, OLSON & BEAR, LLP
16                                James F. Lesniak
                                  Joseph R. Re
17                                Karen Vogel Weil
                                  Jon W. Gurka
18                                Joseph S. Cianfrani
19                                Attorneys for Masimo Corp.
20
21   H:\DOCS\JWG\JWG-3166.DOC
     033104
22
23
24
25
26
27
28
```

4

SCANNED

SCANNED

1

2

3

FILED
CLERK, U.S. DISTRICT COURT

MAR 1 5 2004

4

5

~ RAL DISTRICT OF CALIFOR
DE

6

7

8          UNITED STATES DISTRICT COURT

9          CENTRAL DISTRICT OF CALIFORNIA

10

11  MALLINCKRODT INC. and NELLCOR    ) Case No.: CV-00-6506 MRP (AJWx)
    PURITAN BENNETT, INC.,           )
12                                   )
         Plaintiffs/Counterdefendants, ) [PROPOSED] JOINT VERDICT FORM
13                                   )
         v.                          ) TRIAL: Ongoing
14                                   )
    MASIMO CORPORATION, et al.,      ) Hon. Mariana R. Pfaelzer
15                                   )
         Defendants/Counterclaimants. )
16                                   )
                                     )
    AND RELATED COUNTERCLAIMS        )
17                                   )

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 1 PAGE 1 OF 12

# I.   MASIMO'S ASSERTED PATENTS

**A.    Infringement or Non-Infringement**

**1.    The '222 Patent**

**Question 1:**

Has Masimo proved by a preponderance of the evidence that Nellcor's O4, O5 and O5CI products literally infringe the following claims of the '222 patent?

| '222 Patent | (For Masimo) | (For Nellcor) |
|---|---|---|
| Claim 1 | Yes _____ | No ✓____ |
| Claim 4 | Yes _____ | No ✓____ |
| Claim 16 | Yes _____ | No ✓____ |
| Claim 17 | Yes ✓____ | No _____ |
| Claim 18 | Yes ✓____ | No _____ |
| Claim 21 | Yes ✓____ | No _____ |
| Claim 22 | Yes ✓____ | No _____ |
| Claim 23 | Yes _____ | No ✓____ |

**Question 2:**

Answer this question only for the claims that you checked "No" in response to question 1 above.  Has Masimo proved by a preponderance of the evidence that Nellcor's O4, O5 and O5CI products infringe the following claims of the '222 patent under the doctrine of equivalents?

| '222 Patent | (For Masimo) | (For Nellcor) |
|---|---|---|
| Claim 1 | Yes ✓____ | No _____ |
| Claim 4 | Yes ✓____ | No _____ |
| Claim 16 | Yes ✓____ | No _____ |
| Claim 17 | Yes _____ | No _____ |
| Claim 18 | Yes _____ | No _____ |

EXHIBIT 1 PAGE 2 OF 12

| '222 Patent | (For Masimo) | (For Nellcor) |
|---|---|---|
| Claim 21 | Yes _____ | No _____ |
| Claim 22 | Yes _____ | No _____ |
| Claim 23 | Yes ✓ | No _____ |

**2.   The '830 Patent**

**Question 3:**

Has Masimo proved by a preponderance of the evidence that Nellcor's O4, O5 and O5CI products literally infringe the following claims of the '830 patent?

| '830 Patent | (For Masimo) | (For Nellcor) |
|---|---|---|
| Claim 9 | Yes ✓ | No _____ |
| Claim 14 | Yes ✓ | No _____ |
| Claim 20 | Yes ✓ | No _____ |
| Claim 25 | Yes ✓ | No _____ |

**Question 4:**

Answer this question only for the claims that you checked "No" in response to question 3 above.  Has Masimo proved by a preponderance of the evidence that Nellcor's O4, O5 and O5CI products infringe the following claims of the '830 patent under the doctrine of equivalents?

| '830 Patent | (For Masimo) | (For Nellcor) |
|---|---|---|
| Claim 9 | Yes _____ | No _____ |
| Claim 14 | Yes _____ | No _____ |
| Claim 20 | Yes _____ | No _____ |
| Claim 25 | Yes _____ | No _____ |

EXHIBIT 1 PAGE 3 OF 12

3.    **The '850 Patent**

**Question 5:**

Has Masimo proved by a preponderance of the evidence that Nellcor's O4, O5 and O5CI products literally infringe the following claims of the '850 patent?

| '850 Patent | (For Masimo) | (For Nellcor) |
|---|---|---|
| Claim 1 | Yes ✓ | No ____ |
| Claim 10 | Yes ✓ | No ____ |
| Claim 11 | Yes ✓ | No ____ |
| Claim 12 | Yes ✓ | No ____ |
| Claim 15 | Yes ✓ | No ____ |
| Claim 17 | Yes ____ | No ✓ |
| Claim 22 | Yes ✓ | No ____ |

**Question 6:**

Answer this question only for the claims that you checked "No" in response to question 5 above.  Has Masimo proved by a preponderance of the evidence that Nellcor's O4, O5 and O5CI products infringe the following claims of the '850 patent under the doctrine of equivalents?

| '850 Patent | (For Masimo) | (For Nellcor) |
|---|---|---|
| Claim 1 | Yes ____ | No ____ |
| Claim 10 | Yes ____ | No ____ |
| Claim 11 | Yes ____ | No ____ |
| Claim 12 | Yes ____ | No ____ |
| Claim 15 | Yes ____ | No ____ |
| Claim 17 | Yes ✓ | No ____ |
| Claim 22 | Yes ____ | No ____ |

3

EXHIBIT 1 PAGE 4 OF 12

8

1

**4.   The '785 Patent**

2

<u>**Question 7:**</u>

3

Has Masimo proved by a preponderance of the evidence that

4

Nellcor's 05CI products literally infringe the following claims

5

of the '785 patent?

6

| '785 Patent | (For Masimo) | (For Nellcor) |
|---|---|---|
| Claim 29 | Yes ✓ | No ____ |
| Claim 30 | Yes ✓ | No ____ |

9

<u>**Question 8:**</u>

10

Answer this question only for the claims that you checked

11

"No" in response to question 7 above.   Has Masimo proved by a

12

preponderance of the evidence that Nellcor's 05CI products

13

infringe the following claims of the '785 patent under the

14

doctrine of equivalents?

15

| '785 Patent | (For Masimo) | (For Nellcor) |
|---|---|---|
| Claim 29 | Yes ____ | No ____ |
| Claim 30 | Yes ____ | No ____ |

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT __I__ PAGE __5__ OF __12__

B.   **Willful Infringement**

  *Only answer this question if you found Nellcor to have infringed one or more of the asserted claims of a Masimo patent, and only answer for those patents that you found to be infringed.*

  **Question 9:**

  Has Masimo proved by clear and convincing evidence that any infringement of the following patents by Nellcor was willful?

|              | (For Masimo) | (For Nellcor) |
|--------------|--------------|---------------|
| '222 patent  | Yes ✓        | No _____      |
| '830 patent  | Yes ✓        | No _____      |
| '850 patent  | Yes ✓        | No _____      |
| '785 patent  | Yes ✓        | No _____      |

C.   **Validity or Invalidity**

  1.   **Anticipation by the Prior Art.**

  **Question 10:**

  For each of the claims below, has Nellcor proved by clear and convincing evidence that the claim is invalid because it is anticipated by any prior art?

| '222 Patent | (For Nellcor) | (For Masimo) |
|-------------|---------------|--------------|
| Claim 1     | Yes _____     | No ✓         |
| Claim 4     | Yes _____     | No ✓         |
| Claim 16    | Yes _____     | No ✓         |
| Claim 17    | Yes _____     | No ✓         |
| Claim 18    | Yes _____     | No ✓         |
| Claim 21    | Yes _____     | No ✓         |
| Claim 22    | Yes _____     | No ✓         |
| Claim 23    | Yes _____     | No ✓         |

**EXHIBIT** ___/___ **PAGE** _6_ **OF** _12_

10

5

SCANNED

| '830 Patent | (For Nellcor) | (For Masimo) |
|---|---|---|
| Claim 9 | Yes _____ | No ✓ |
| Claim 14 | Yes _____ | No ✓ |
| Claim 20 | Yes _____ | No ✓ |
| Claim 25 | Yes _____ | No ✓ |
| '850 Patent | (For Nellcor) | (For Masimo) |
| Claim 1 | Yes _____ | No ✓ |
| Claim 10 | Yes _____ | No ✓ |
| Claim 11 | Yes _____ | No ✓ |
| Claim 12 | Yes _____ | No ✓ |
| Claim 15 | Yes _____ | No ✓ |
| Claim 17 | Yes _____ | No ✓ |
| Claim 22 | Yes _____ | No ✓ |
| '785 Patent | (For Nellcor) | (For Masimo) |
| Claim 29 | Yes _____ | No ✓ |
| Claim 30 | Yes _____ | No ✓ |

2. **Obviousness**

**Question 11:**

For each of the claims below, has Nellcor proved by clear and convincing evidence that the claim is invalid because it would have been obvious in light of the prior art?

| '222 Patent | (For Nellcor) | (For Masimo) |
|---|---|---|
| Claim 1 | Yes _____ | No ✓ |
| Claim 4 | Yes _____ | No ✓ |
| Claim 16 | Yes _____ | No ✓ |
| Claim 17 | Yes _____ | No ✓ |
| Claim 18 | Yes _____ | No ✓ |

EXHIBIT 1 PAGE 7 OF 12

11          6

SCANNED

| '222 Patent | (For Nellcor) | (For Masimo) |
|---|---|---|
| Claim 21 | Yes _____ | No ✓ |
| Claim 22 | Yes _____ | No ✓ |
| Claim 23 | Yes _____ | No ✓ |
| '830 Patent | (For Nellcor) | (For Masimo) |
| Claim 9 | Yes _____ | No ✓ |
| Claim 14 | Yes _____ | No ✓ |
| Claim 20 | Yes _____ | No ✓ |
| Claim 25 | Yes _____ | No ✓ |
| '850 Patent | (For Nellcor) | (For Masimo) |
| Claim 1 | Yes _____ | No ✓ |
| Claim 10 | Yes _____ | No ✓ |
| Claim 11 | Yes _____ | No ✓ |
| Claim 12 | Yes _____ | No ✓ |
| Claim 15 | Yes _____ | No ✓ |
| Claim 17 | Yes _____ | No ✓ |
| Claim 22 | Yes _____ | No ✓ |
| '785 Patent | (For Nellcor) | (For Masimo) |
| Claim 29 | Yes _____ | No ✓ |
| Claim 30 | Yes _____ | No ✓ |

3.   **Written Description**

**Question 12:**

For each of the claims below, has Nellcor proved by clear and convincing evidence that the claims are invalid because the patents' specification lacks adequate written description?

| '222 Patent | (For Nellcor) | (For Masimo) |
|---|---|---|
| Claim 1 | Yes _____ | No ✓ |

EXHIBIT __1__ PAGE __8__ OF __12__

12          7

| '222 Patent | (For Nellcor) | (For Masimo) |
|---|---|---|
| Claim 4 | Yes _____ | No ✓ |
| Claim 16 | Yes _____ | No ✓ |
| Claim 17 | Yes _____ | No ✓ |
| Claim 18 | Yes _____ | No ✓ |
| Claim 21 | Yes _____ | No ✓ |
| Claim 22 | Yes _____ | No ✓ |
| Claim 23 | Yes _____ | No ✓ |
| '830 Patent | (For Nellcor) | (For Masimo) |
| Claim 9 | Yes _____ | No ✓ |
| Claim 14 | Yes _____ | No ✓ |
| Claim 20 | Yes _____ | No ✓ |
| Claim 25 | Yes _____ | No ✓ |
| '850 Patent | (For Nellcor) | (For Masimo) |
| Claim 17 | Yes _____ | No ✓ |
| '785 Patent | (For Nellcor) | (For Masimo) |
| Claim 29 | Yes _____ | No ✓ |
| Claim 30 | Yes _____ | No ✓ |

## 4.  Enablement

**Question 13:**

For each of the claims below, has Nellcor proved by clear and convincing evidence that the claims are invalid because they are not enabled by the patents' specification?

| '222 Patent | (For Nellcor) | (For Masimo) |
|---|---|---|
| Claim 1 | Yes _____ | No ✓ |
| Claim 4 | Yes _____ | No ✓ |
| Claim 16 | Yes _____ | No ✓ |

SCANNED

| '222 Patent | (For Nellcor) | (For Masimo) |
|---|---|---|
| Claim 17 | Yes _____ | No ✓ |
| Claim 18 | Yes _____ | No ✓ |
| Claim 21 | Yes _____ | No ✓ |
| Claim 22 | Yes _____ | No ✓ |
| Claim 23 | Yes _____ | No ✓ |
| '830 Patent | (For Nellcor) | (For Masimo) |
| Claim 9 | Yes _____ | No ✓ |
| Claim 14 | Yes _____ | No ✓ |
| Claim 20 | Yes _____ | No ✓ |
| Claim 25 | Yes _____ | No ✓ |
| '850 Patent | (For Nellcor) | (For Masimo) |
| Claim 17 | Yes _____ | No ✓ |
| '785 Patent | (For Nellcor) | (For Masimo) |
| Claim 29 | Yes _____ | No ✓ |
| Claim 30 | Yes _____ | No ✓ |

EXHIBIT __1__ PAGE _10_ OF _12_

9

## II.   NELLCOR'S ASSERTED PATENTS

**A.   Infringement or Non-Infringement**

**1.   The '000 Patent**

**Question 14:**

Has Nellcor proved by a preponderance of the evidence that Masimo's patient cables and disposable sensors literally infringe the following claims of the '000 patent?

|            | *First Generation* | | *Second Generation* | |
|------------|:---:|:---:|:---:|:---:|
|            | (For Nellcor) | (For Masimo) | (For Nellcor) | (For Masimo) |
| Claim 18   | Yes _____ | No ✓ | Yes _____ | No ✓ |
| Claim 19   | Yes _____ | No ✓ | Yes _____ | No ✓ |
| Claim 20   | Yes _____ | No ✓ | Yes _____ | No ✓ |
| Claim 21   | Yes _____ | No ✓ | Yes _____ | No ✓ |
| Claim 23   | Yes _____ | No ✓ | Yes _____ | No ✓ |
| Claim 24   | Yes _____ | No ✓ | Yes _____ | No ✓ |
| Claim 26   | Yes _____ | No ✓ | Yes _____ | No ✓ |

**Question 15:**

Answer this question only for the claims that you checked "No" in response to question 14 above.  Has Nellcor proved by a preponderance of the evidence that Masimo's sensors and patient cables infringe the following claims of the '000 patent under the doctrine of equivalents?

EXHIBIT _1_  PAGE _11_ OF _12_

15

10

| | | First Generation | | Second Generation | |
|---|---|---|---|---|---|
| | (For Nellcor) | (For Masimo) | (For Nellcor) | (For Masimo) |
| Claim 18 | Yes _____ | No ✓ | Yes _____ | No ✓ |
| Claim 19 | Yes _____ | No ✓ | Yes _____ | No ✓ |
| Claim 20 | Yes _____ | No ✓ | Yes _____ | No ✓ |
| Claim 21 | Yes _____ | No ✓ | Yes _____ | No ✓ |
| Claim 23 | Yes _____ | No ✓ | Yes _____ | No ✓ |
| Claim 24 | Yes _____ | No ✓ | Yes _____ | No ✓ |
| Claim 26 | Yes _____ | No ✓ | Yes _____ | No ✓ |

3/15/04

**EXHIBIT** _1_ **PAGE** _12_ **OF** _12_

16        11

SCANNED

SCANNED

## DAMAGES VERDICT FORM

I.  MASIMO'S DAMAGES

   **Question 1:**

   What are the total damages Nellcor owes Masimo for the infringement of Masimo's patents?

   Amount  $ _134,528,966._

   **Question 2:**

   If part of the damages included Masimo's lost profits, what is the amount of the lost profits damages?

   Amount  $ _122,793,253._

   **Question 3:**

   What is the amount of reasonable royalty damages?

   Amount  $ _11,735,707._

   **Question 4:**

   What royalty rate percentage did you use in answering Question 3 above?

   _14.8_ %

   _____  3/26/04  10:36 Am
   **Signature of Jury Foreperson**

17

EXHIBIT _2_ PAGE _1_ OF _1_

## PROOF OF SERVICE

I am a citizen of the United States of America and I am employed in Irvine, California. I am over the age of 18 and not a party to the within action. My business address is 2040 Main Street, 14th Floor, Irvine, California. On April 1, 2004, I served the within **JOINT [PROPOSED] JUDGMENT ON JURY VERDICT** on the parties or their counsel shown below, by placing it in a sealed envelope addressed as follows:

VIA FIRST-CLASS MAIL:      Craig N. Hentschel
ARNOLD & PORTER
777 South Figueroa St., 44th Floor
Los Angeles, CA 90017-5844

VIA FIRST-CLASS MAIL:      Robert C. Morgan
FISH & NEAVE
1251 Avenue of the Americas
New York, NY 10020

VIA FIRST-CLASS MAIL:      Stephen P. Swinton
Stephen C. Neal
COOLEY GODWARD LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 1, 2004, at Irvine, California.

Jodi A. Nearing